UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
MAR 18 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PRINCE JONES,

Plaintiff,

v. Civil Action No. 1:26cv785-MSN-WEF

RAPPAHANNOCK REGIONAL JAIL AUTHORITY;

RAPPAHANNOCK REGIONAL JAIL;

SERGEANT BROWN; OFFICER BELL; OFFICER FOSTER;

CAPTAIN DIEHL; JASON MIYARES; ATTORNEY GENERAL OF THE COMMONWEALTH OF VIRGINIA; KEVIN A HUDSON,

SUPERINTENDENT OF RAPPAHANNOCK REGIONAL JAIL,

CHAIR OF THE RAPPAHANNOCK REGIONAL JAIL AUTHORITY BOARD; AND ALL BOARD MEMBERS AND OFFICIALS

RESPONSIBLE FOR THE OPERATION AND

SUPERVISION OF RAPPAHANNOCK REGIONAL JAIL,

in their individual and official capacities,

Defendants.

**CIVIL RIGHTS COMPLAINT**

(42 U.S.C. § 1983)

RECEIVED
MAR 17 2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Plaintiff Prince Jones, proceeding pro se, respectfully submits this Civil Rights Complaint seeking redress for violations of his constitutional rights while confined at Rappahannock Regional Jail.

Defendants are to be sued individually and in their official capacity.

---

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Jurisdiction is proper pursuant to:

a. 28 U.S.C. § 1331 (Federal Question Jurisdiction)

b. 28 U.S.C. § 1343(a)(3) (Civil Rights Jurisdiction)

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Eastern District of Virginia.

---

II. PARTIES

4. Plaintiff Prince Jones is a citizen of the United States presently detained at Rappahannock Regional Jail located at 1745 Jefferson Davis Highway Stafford, Virginia 22554.

5. Defendant Rappahannock Regional Jail Authority operates and manages the Rappahannock Regional Jail facility.

6. Defendant Rappahannock Regional Jail is the detention facility where Plaintiff is confined.

7. Defendant Captain Diehl is the Captain employed at the Rappahannock Regional Jail.

8. Defendant Sergeant Brown is a correctional officer employed at Rappahannock Regional Jail.

9. Defendant Officer Bell is a correctional officer employed at Rappahannock Regional Jail.

10. Defendant Officer Foster is a correctional officer employed at Rappahannock Regional Jail.

11. The Board Members of the Rappahannock Regional Jail Authority are responsible for the policy-making authority, oversight, and supervision of the jail facility.

12. Defendant Jason Miyares is the Attorney General of the Commonwealth of Virginia and is responsible for enforcing the laws of the Commonwealth and overseeing legal compliance of state institutions and officials. The Attorney General is sued in his official capacity for purposes of injunctive and declaratory relief.

13. Defendant Superintendent of Rappahannock Regional Jail is the chief administrator responsible for the daily operation of the jail, supervision of correctional officers, and enforcement of institutional policies affecting inmate safety, conditions of confinement, and use of force.

14. Defendant Chair of the Rappahannock Regional Jail Authority Board is responsible for oversight, policy development, and governance of the jail authority and its correctional facilities.

These Defendants are sued in their individual and official capacities.

15. At all relevant times, Defendants acted under color of state law.

---

III. STATEMENT OF FACTS

16. Plaintiff has been confined at Rappahannock Regional Jail since approximately August 28, 2025.

17. Plaintiff was transferred from a Baltimore Residential Reentry Center without lawful process.

18. Plaintiff has been detained without the issuance of a lawful commitment order from any court authorizing his detention.

19. Despite repeated requests and filings by Plaintiff, jail officials have failed to produce any valid court commitment order authorizing Plaintiff's continued confinement.

20. Plaintiff therefore believes he is being illegally detained without lawful authority.

21. Plaintiff's continued detention constitutes unlawful restraint of liberty.

---

**CONDITIONS OF CONFINEMENT**

22. Plaintiff has been subjected to dehumanizing and unconstitutional conditions of confinement.

23. The food provided to Plaintiff is nutritionally deficient.

24. The facility has failed to provide access to a qualified dietician.

25. Plaintiff has been denied adequate nutritional supervision.

26. Plaintiff has been deprived of adequate exposure to natural sunlight.

27. Jail officials have denied Plaintiff meaningful access to outdoor recreation areas where natural sunlight is available.

28. Plaintiff has been confined for extended periods inside enclosed housing units with little or no exposure to natural light or fresh air.

29. The prolonged deprivation of sunlight has caused Plaintiff sensory deprivation, mental distress, and deterioration of physical and psychological health.

----------------------------------------------------------

**RELIGIOUS INTERFERENCE AND RAMADAN**

30. Plaintiff is a practicing Muslim.

31. Plaintiff was observing the holy month of Ramadan which requires fasting, prayer, and religious devotion.

32. During Ramadan, incarcerated Muslims require reasonable accommodation to pray and observe fasting.

33. Jail officials repeatedly interfered with Plaintiff's religious practices.

34. On March 11, 2026, at or about 1:00 a.m., Plaintiff was engaged in Ramadan prayer.

35. While Plaintiff was peacefully praying, Defendant Sergeant Brown approached Plaintiff.

36. Plaintiff posed no threat and was engaged solely in religious worship.

37. Defendant Sergeant Brown deployed chemical spray (mace/OC spray) against Plaintiff while he was praying.

38. The use of chemical spray was unnecessary and excessive.

39. The chemical agent caused Plaintiff burning eyes, respiratory distress, physical pain, and emotional distress.

40. The incident interfered with Plaintiff's ability to complete his Ramadan prayer.

41. The actions of Sergeant Brown demonstrate hostility toward Plaintiff's religious exercise.

---

**CONFISCATION OF PRESCRIPTION EYEGLASSES**

42. Plaintiff possessed prescription eyeglasses necessary for vision.

43. Officers Bell and Foster confiscated Plaintiff's eyeglasses.

44. Plaintiff informed the officers the glasses were medically necessary.

45. Despite this knowledge, the officers removed the glasses and failed to return them.

46. Without his glasses Plaintiff's ability to see, read, write legal filings, and function normally is severely impaired.

47. The incident involving the confiscation of Plaintiff's glasses was recorded on GoPro body camera video worn by correctional staff.

48. The video constitutes material evidence of the misconduct.

---

IV. CLAIMS FOR RELIEF

COUNT I

**UNLAWFUL DETENTION**

(Fourth and Fourteenth Amendments)

49. Plaintiff incorporates all prior paragraphs.

50. Plaintiff is confined without a lawful commitment order.

51. Such detention constitutes an unreasonable seizure.

52. The detention violates the Fourth and Fourteenth Amendments.

----------------------------------------------------------

COUNT II

**FALSE IMPRISONMENT**

53. Plaintiff incorporates all prior paragraphs.

54. Defendants continue to restrain Plaintiff's liberty without lawful authority.

----------------------------------------------------------

COUNT III

**UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT**

55. Plaintiff incorporates all prior paragraphs.

56. Defendants subjected Plaintiff to cruel and unusual conditions including inadequate nutrition and lack of dietician supervision.

----------------------------------------------------------

COUNT IV

**DENIAL OF SUNLIGHT / SENSORY DEPRIVATION**

57. Plaintiff incorporates all prior paragraphs.

58. Defendants deprived Plaintiff of adequate exposure to natural sunlight and outdoor recreation.

59. The prolonged deprivation of sunlight constitutes sensory deprivation.

----------------------------------------------------------

COUNT V

**RELIGIOUS DISCRIMINATION AND INTERFERENCE**

60. Plaintiff incorporates all prior paragraphs.

61. Defendants interfered with Plaintiff's ability to practice Islam during Ramadan.

62. Spraying mace during prayer constitutes substantial interference with religious exercise.

----------------------------------------------------------

COUNT VI

**EXCESSIVE FORCE**

63. Plaintiff incorporates all prior paragraphs.

64. The use of mace against a non-threatening detainee constitutes excessive force.

----------------------------------------------------------

COUNT VII

**DEPRIVATION OF PROPERTY AND MEDICAL NEED**

64. Plaintiff incorporates all prior paragraphs.

65. Officers Bell and Foster confiscated Plaintiff's medically necessary eyeglasses.

66. This action deprived Plaintiff of necessary vision and interfered with his ability to prepare legal documents.

----------------------------------------------------------

COUNT VIII

**Declaratory and Injunctive Relief Against State Officials**

(Fourteenth Amendment and 42 U.S.C. §1983)

Plaintiff incorporates all preceding paragraphs.

The Attorney General of the Commonwealth of Virginia has legal responsibility to ensure that state officials and institutions operate in compliance with the Constitution of the United States.

Plaintiff alleges ongoing violations of constitutional rights including:

- unlawful detention without a commitment order
- unconstitutional conditions of confinement
- interference with religious practice
- excessive force by correctional officers

Plaintiff seeks declaratory and injunctive relief requiring compliance with constitutional protections.

COUNT IX

**Municipal Liability / Failure to Train and Supervise**

(42 U.S.C. §1983)

Plaintiff incorporates all preceding paragraphs.

The violations of Plaintiff's constitutional rights were caused by policies, customs, or practices of the Rappahannock Regional Jail Authority.

Defendants responsible for policy and supervision failed to properly train and supervise correctional staff regarding:

- use of chemical agents
- religious accommodations
- handling of inmate medical needs and property
- conditions of confinement including sunlight and nutrition

These failures created an environment where constitutional violations occurred.

The actions of staff including the chemical spraying of Plaintiff during Ramadan prayer and confiscation of Plaintiff's eyeglasses were the foreseeable result of inadequate training and supervision.

COUNT X

**PATTERN AND PRACTICE OF CONSTITUTIONAL VIOLATIONS**

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

The violations of Plaintiff's constitutional rights were not isolated events but occurred as part of a broader pattern and practice of unconstitutional conduct within the Rappahannock Regional Jail.

Defendants, including supervisory officials and policy makers within the Rappahannock Regional Jail Authority, have maintained policies, customs, or practices that permit or tolerate violations of inmates' constitutional rights.

These practices include, but are not limited to:

- the use of excessive force against detainees without justification;
- interference with inmates' religious practices and religious observances;
- deprivation of basic necessities including adequate nutrition and exposure to sunlight;
- confiscation or denial of medically necessary items such as prescription eyeglasses;
- failure to properly supervise and discipline correctional staff who engage in misconduct;

• failure to implement policies that protect inmates from unlawful detention and unconstitutional treatment.

The conduct described in this Complaint reflects deliberate indifference by supervisory officials responsible for the operation and oversight of Rappahannock Regional Jail.

Defendants knew or should have known that these unconstitutional practices were occurring and failed to take corrective action.

As a direct result of these policies, customs, and failures in supervision, Plaintiff suffered violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

The actions of Defendants demonstrate a pattern and practice of constitutional violations that require judicial intervention to prevent further harm.

COUNT XI

**CIVIL RIGHTS CONSPIRACY**

(42 U.S.C. §1985)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

Defendants, acting under color of state law, reached an understanding or agreement to deprive Plaintiff of rights secured by the Constitution of the United States.

Defendants engaged in coordinated actions that resulted in violations of Plaintiff's constitutional rights, including:

• the continued detention of Plaintiff without a lawful commitment order;

- the use of chemical spray against Plaintiff during Ramadan prayer;
- interference with Plaintiff's religious exercise;
- confiscation of Plaintiff's medically necessary prescription eyeglasses;
- deprivation of adequate nutrition and sunlight;
- failure to correct or prevent unconstitutional conditions of confinement.

Defendants knew or reasonably should have known that their actions would deprive Plaintiff of federally protected rights.

The acts described above were undertaken jointly and in concert by correctional staff and supervisory officials responsible for the operation and oversight of Rappahannock Regional Jail.

As a direct and proximate result of this conspiracy, Plaintiff suffered physical injury, emotional distress, deprivation of liberty, and violations of constitutional rights.

Plaintiff is therefore entitled to compensatory damages, punitive damages, declaratory relief, and injunctive relief pursuant to 42 U.S.C. §1985.

**ADDITION: PRIOR LITIGATION INVOLVING RAPPAHANNOCK REGIONAL JAIL**

DOCUMENTED LITIGATION INVOLVING RAPPAHANNOCK REGIONAL JAIL

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

The unconstitutional conduct described in this complaint is consistent with a broader pattern of litigation involving conditions and practices at Rappahannock Regional Jail.

Federal courts within the Eastern District of Virginia have previously addressed civil rights claims involving the Rappahannock Regional Jail Authority and its personnel.

For example:

1. Mitchell v. Rappahannock Regional Jail Authority,

Civil Action No. 1:09-cv-1052 (E.D. Va. 2010).

In that case, the plaintiff alleged violations of the Eighth Amendment, assault and battery by jail staff, and negligent supervision by the jail authority. The lawsuit included claims against the Rappahannock Regional Jail Authority and correctional officers regarding unconstitutional treatment of inmates.

2. Deavers v. Rappahannock Regional Jail Authority,

Civil Action No. 3:13-cv-821 (E.D. Va. 2015).

The plaintiff brought §1983 claims alleging deliberate indifference to serious medical needs and supervisory liability against jail officials responsible for inmate care and safety.

3. Tweed v. Rappahannock Regional Jail,

Civil Action No. 1:16-cv-01164 (E.D. Va. 2017).

The litigation involved constitutional claims relating to inmate treatment and jail conditions, demonstrating continuing federal court scrutiny of practices at the facility.

4. Johnson v. Rappahannock Regional Jail Authority,

Civil Action No. 1:23-cv-1024 (E.D. Va. 2024).

The complaint alleged that a detainee with serious medical and mental health needs was placed in segregation and denied adequate care while pregnant, resulting in the death of her newborn child and raising claims under the Fourteenth Amendment and 42 U.S.C. §1983.

Additional reporting has also documented lawsuits alleging denial of medical care and inmate deaths at the facility, including a case in which a detainee died after being denied medical treatment following repeated requests for care.

These cases demonstrate that the types of constitutional violations alleged by Plaintiff—deliberate indifference to inmate safety, medical needs, and conditions of confinement—are consistent with a broader pattern of litigation involving Rappahannock Regional Jail.

The existence of repeated federal civil rights actions against the facility supports Plaintiff's allegations that supervisory officials were aware of unconstitutional practices yet failed to adequately correct or prevent them.

Such knowledge and failure to act constitute deliberate indifference and support municipal liability under Monell v. Department of Social Services and conspiracy liability under 42 U.S.C. §1985.

LEGAL AUTHORITY – THOMPSON v. CLARK

The Supreme Court of the United States has recognized that individuals may bring civil rights claims under 42 U.S.C. §1983 when they are subjected to unlawful arrest or detention without proper legal justification.

In Thompson v. Clark, 596 U.S. ___ (2022), the Court held that a plaintiff asserting a Fourth Amendment claim for unlawful seizure pursuant to legal process need only show that the criminal proceedings ended without a conviction.

The Court explained that requiring proof of actual innocence would improperly restrict access to civil rights remedies for individuals who were subjected to wrongful arrest or detention by government officials.

This precedent confirms that government officials may be held liable when they initiate or continue detention without proper legal authority.

Plaintiff's continued detention without a valid commitment order constitutes an unreasonable seizure and deprivation of liberty under the Fourth and Fourteenth Amendments consistent with the principles articulated in Thompson v. Clark.

LEGAL AUTHORITY – PORTER v. CLARKE

Federal courts have recognized that prolonged solitary confinement and sensory deprivation may violate the Eighth Amendment prohibition against cruel and unusual punishment.

In Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit held that conditions involving extreme isolation, lack of meaningful human contact, and prolonged sensory deprivation created a substantial risk of serious psychological and physical harm.

The court concluded that such conditions were incompatible with evolving standards of decency and violated the Constitution.

The conditions described in Plaintiff's Complaint—including prolonged deprivation of natural sunlight, limited environmental stimulation, and conditions resembling solitary confinement—raise similar constitutional concerns under the principles articulated in Porter v. Clarke.

These conditions demonstrate deliberate indifference to Plaintiff's health and safety and support Plaintiff's claims under the Eighth and Fourteenth Amendments.

LEGAL AUTHORITY – WILKINSON v. AUSTIN

The Supreme Court of the United States has recognized that extreme conditions of confinement may create a protected liberty interest under the Due Process Clause.

In Wilkinson v. Austin, 545 U.S. 209 (2005), the Court held that placement in highly restrictive and isolated confinement conditions—characterized by near-total isolation, minimal environmental stimulation, and indefinite duration—imposes an atypical and significant hardship compared to ordinary prison conditions.

Because such confinement creates a protected liberty interest, the Constitution requires meaningful procedural protections before individuals may be subjected to those conditions.

The conditions described in Plaintiff's Complaint—including prolonged isolation, deprivation of sunlight, sensory deprivation, and restrictive confinement—raise similar constitutional concerns.

These conditions therefore implicate Plaintiff's liberty interests under the Fourteenth Amendment and demonstrate the need for judicial scrutiny of the confinement practices at Rappahannock Regional Jail.

LEGAL AUTHORITY – SPAIN v. PROCUNIER

Courts have recognized that prolonged deprivation of outdoor exercise and exposure to natural sunlight may violate the Eighth Amendment prohibition against cruel and unusual punishment.

In Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979), the court held that inmates confined in restrictive housing for extended periods must be afforded regular opportunities for outdoor exercise and exposure to fresh air and sunlight.

The court emphasized that exercise and environmental stimulation are basic human necessities and that prolonged denial of these necessities can cause serious physical and psychological harm.

The conditions described in Plaintiff's Complaint—including prolonged confinement without meaningful access to sunlight, outdoor recreation, or environmental stimulation—raise similar constitutional concerns.

These conditions demonstrate deliberate indifference to Plaintiff's health and safety and violate the constitutional standards governing humane conditions of confinement.

XII. INJURIES

67. Plaintiff has suffered:

- unlawful loss of liberty
- physical pain
- respiratory distress
- emotional distress
- deprivation of religious freedom
- sensory deprivation
- humiliation and psychological harm
- impairment of vision due to confiscation of glasses

---

XIII. REQUEST FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's constitutional rights.

B. Order relief addressing Plaintiff's unlawful detention if no valid commitment order exists.

C. Award compensatory damages in the amount of $10,000,000.

D. Award punitive damages against individual defendants.

E. Award costs of this action.

F. Grant any further relief the Court deems just and proper.

G. Issue declaratory and injunctive relief requiring state officials, including the Attorney General of the Commonwealth of Virginia, to ensure that Plaintiff's constitutional rights are protected and that unlawful detention practices cease.

H. Declare that the policies, customs, or practices of the Rappahannock Regional Jail Authority Violated Plaintiff's constitutional rights.

I. Order appropriate injunctive relief requiring policy changes, training, and supervision to prevent future constitutional violations.

J. Award compensatory and punitive damages against Defendants for civil rights conspiracy under 42 U.S.C. §1985.

---

XIV. JURY DEMAND

Plaintiff demands a trial by jury.

-----------------------------------------------------------

## XV. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 03/13/2026

Prince Jones

Reg No.: 20252720

Rappahannock Regional Jail

P.O Box 548

Fredericksburg VA, 22404

Signature: PRINCE JONES